UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                              Case No. 15-19193-RAM

VEDADO PHARMACY CORP.,                                              Chapter 7

       Debtor.
_____/
DREW M DILLWORTH AS CHAPTER 7
TRUSTEE,

       Plaintiff,                                         Adv. Case No._____
-vs-

DOGER GROUP, INC.
(an administratively dissolved Florida Corp.), and
Julio C. Doger as Trustee of Doger Group, Inc.,
Kaila M. Carrillo,

       Defendants.
_____/


**<u>COMPLAINT</u>**

      COMES NOW, DREW M DILLWORTH as Chapter 7 Trustee (hereinafter "Trustee"

or "Plaintiff") in the above-styled matter, and sues the Defendants, DOGER GROUP,

INC., (an administratively dissolved Florida Corp.), and Julio C. Doger as Trustee of

Doger Group, Inc., Kaila M. Carrillo (hereinafter "Defendants"), and states the following

in support hereof:


      1.        Debtor (Vedado Pharmacy Corp.) filed a voluntary petition under
                    Chapter 7 of Title 11 of the United States Code on the 20th day of
                    May, 2015.

      2.        Drew M. Dillworth is the duly-appointed Chapter 7 Trustee
                    ["Plaintiff"] of the Debtor's Bankruptcy Estate.

3.          The Plaintiff sues the Defendants to recover each of the transfers identified herein.

4.          The Parties hereto are all *sui juris.*

5.          This is a core matter pursuant to 28 U.S.C. Sec. 157(b)(2). Venue is proper in this District, and this Court has jurisdiction over this matter.

6.          The records[1] of the Debtor do not reflect that the Debtor was ever obligated to Defendants for any form of debt.

7.          Since October 2010, Raquel Gonzalez ("Owner"), was the president and the sole owner of the Debtor.

8.          On June 24th, 2015, Owner testified at the 341 Meeting of Creditors of the Debtor and stated that the Owner and a licensed employee were the only ones employed by the Debtor.

9.          Jamian Rodriguez ("Jamian") and Yasser Rodriguez ("Yasser") are the sons of the Owner. Jamian, also had signature authority on Debtor's bank accounts. Jamian and Yasser are insider of the Debtor.

10.         Owner and Insiders were paying personal expenses and other personal unrelated business interest, all the while depleting the Debtor of its assets.

11.         At all times material, Debtor was insolvent. Evidence of such insolvency includes the facts that: the Debtor was not paying its debts as they generally came due at the time of each sued-upon transfer set forth herein-below; the Debtor was involved in litigation as a defendant for failure to timely pays its debts; and, the Debtor otherwise had liabilities which exceeded the true of its assets.

12.         The Owner routinely used Debtor's corporate funds to made payments to the Defendants---but providing no benefit to the Debtor.

---

[1]  Debtor did not provide records to the Trustee reflecting any basis for the transfers sued upon herein.

13. The Debtor did not produce any agreements, contracts nor documentation evidencing the reason for paying the Defendants significant sums of monies.

14. As a matter of fact, Debtor had defaulted on numerous debts with its creditors as early as 2008; and, had, as of the petition date, never paid same.

15. The Debtor was being sued for non-payment of debts pre-petition. Non- exclusive example of such defaults include the following lawsuit:

   a. *Miller Food Store, Inc. vs. Vedado Pharmacy Corp.*; *[Case No. 14-7470 CA 01; Judgment ordered $15,751.12]*.

16. Debtor paid the numerous sums of monies to Defendants for which the Plaintiff seeks to recover, plus pre- and post-judgment interest thereon as identified on the attached Exhibit "A", which the Trustee seeks to recover herein from the Defendants as well and were made for no consideration to the Debtor.

17. Prior to filing this lawsuit the Trustee served a demand letter on the Defendants requesting evidence for the basis of the sued upon transfers herein, and said Defendants did not respond or otherwise provide sufficient documentary evidence to establish a valid basis for the sued-upon transfers.

18. The Debtor's Owner and Insiders looted the Debtor of its assets and dissipated same for the sole benefit of themselves, and not the Debtor.

19. All of these aforesaid debts were purposely ignored by the Debtor via the Owner and insiders, who literally diverted the assets of the Debtor for the sole benefit of the insiders and insider family members.

20. All of the above referenced transfers were not for the benefit of the Debtor.

## COUNT I – FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(1))

21.        Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.

22.        The Transfer identified on Exhibits "A" and "B" hereto were paid from the Debtor's account and were property of the Debtor.

23.        The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within two years before the date of the filing of the bankruptcy petition.

24.        This transfers were made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became indebted, on or after the date that such transfers were made.  For example, the Debtor was paying for personal expenses of the principal to ensure satisfaction of personal debts and ignoring Creditors of the Debtor; as well as utilizing the assets of Debtor to pay for Non-Debtor obligation for which Debtor received no consideration.

25.        The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgments in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief that this Court deems equitable and just.

## COUNT II– FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(2))

26.        Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.

27.        The Transfer identified on Exhibits "A" and "B" hereto were paid from the Debtor's account and were property of the Debtor.

28.     The above-referenced transfer were transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within two years before the date of the filing of the bankruptcy petition.

29.     The Debtor received less than reasonably equivalent value in exchange for the transfers above-referenced; and,

      a.  was insolvent on the date of the transfers, or became insolvent as a result of such transfers;

      b.  was engaged in business or a transaction, or was about to engage in business in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

      c.  intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured.

30.     The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgments in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief that this Court deems equitable and just.

## COUNT III – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.106)

31.     Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.

32.     The Transfer identified on Exhibits "A" and "B" hereto were paid from the Debtor's account and were property of the Debtor.

33.     The above-referenced transfers were Transfers of property of the Debtor, an interest in property of the Debtor, or an obligation

incurred by the Debtor, that was made or incurred within four years before the date of the filing of the bankruptcy petition.

34.     The Debtor received less than reasonably equivalent value in exchange for such transfers; and:

   a.     was insolvent on the date the Transfers were made or became insolvent as a result of said Transfers;

   b.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or,

   c.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

35.     At the time of each of the Transfers, the Debtor had creditors whose claims arose prior to the transfers.

36.     The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT IV – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(a))

37.     Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged.

38.     The Transfer identified on Exhibits "A" and "B" hereto were paid from the Debtor's account and were property of the Debtor.

39.     The above-referenced Transfers were Transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the date of the filing of the bankruptcy petition.

6

40.    Claims of creditors of the Debtor arose prior to and after the transfers being made by the Debtor to Defendants.

41.    Each of the Transfers was made with the actual intent to hinder, delay or defraud any creditor of the Debtor.

42.    The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT V – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(b))

43.    Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged and were property of the Debtor.

44.    The Transfer identified on Exhibits "A" and "B" hereto were paid from the Debtor's account and were property of the Debtor.

45.    The above-referenced Transfers were Transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the date of the filing of the bankruptcy petition.

46.    Claims of creditors of the Debtor arose prior to and after the Transfers being made by the Debtor to Defendants.

47.    Each of the transfers was made without the Debtor having received reasonably equivalent value in exchange for the transfers, and the Debtor:

a.    was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

b.      intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

48.      The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT VI—UNJUST ENRICHMENT

### AGAINST DEFENDANT RELATING TO THE TRANSFERS

49.      Paragraphs 1 through 20 (and all subparts) are herein re-averred and re-alleged and were property of the Debtor.

50.      Debtor made the Transfers identified on Exhibit "A" attached hereto totaling the sum of **$40,000.00** to Defendant Doger Group, Inc.

51.      Debtor made the Transfers identified on Exhibit "B" attached hereto totaling the sum of **$9,840.00** to Defendant Kaila M. Carrillo.

52.      Debtor conferred a benefit on Defendants by virtue of the Transfers.

53.      Defendants voluntarily accepted and retained the benefit conferred, which were the Transfers.

54.      The circumstances render Defendants' retention of the Transfers, which was the benefit conferred on them by Debtor, inequitable unless Defendants pay Debtor the value of the Transfers.

55.      Defendants were unjustly enriched by virtue of the Transfers.

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment:

A) Granting money damages in the amount of the Transfers to Trustee, for the Benefit of Debtor's bankruptcy estate, plus pre- and post-judgment interest, and reasonable attorneys' fees and expenses, to the extent permissible by applicable law, to Trustee; and,

B)  Granting such other and further relief as may be equitable and just.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted,

JAMES B. MILLER, P.A.
Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250

By: _____/s/_____
        JAMES B. MILLER, ESQ.
        Fla. Bar No. 0009164

## EXHIBIT "A"

## Paid to Doger Group, Inc.

| Doger Group, Inc | | |
|---|---|---|
| Date | Check# | Amount |
| 2/6/2014 | 1037 | $ 5,727.00 |
| 2/7/2014 | 1035 | $ 8,546.00 |
| 2/5/2014 | 1036 | $ 5,727.00 |
| 2/5/2014 | 1026 | $ 8,082.00 |
| 2/7/2014 | 1025 | $ 9,340.00 |
| 2/6/2014 | 1024 | $ 9,578.00 |
| | | |
| | | $47,000.00 |

## EXHIBIT "B"

## Paid to Kaila Carrillo

| Date | Check# | Amount |
|---|---|---|
| 2/3/2014 | 1022 | $ 500.00 |
| 2/7/2014 | 1025 | $ 9,340.00 |
| | | |
| | | $ 9,840.00 |

10